J-S28038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRON LAMAUR MILLER, SR. | : | |
| | : | |
| Appellant | : | No. 1144 WDA 2022 |

Appeal from the PCRA Order Entered September 6, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001327-2017

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED:  November 1, 2023**

Appellant, Terron Lamaur Miller, Sr., appeals from the Order entered in the Court of Common Pleas of Blair County dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Counsel for Appellant has filed a letter brief and motion to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998), to which Appellant responds with a *pro se* brief asserting ineffective assistance of PCRA counsel that he qualifies for the "after-discovered evidence" and "government interference" exceptions to the PCRA's one-year time-bar.  We affirm and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

The PCRA court has authored an opinion setting forth the relevant procedural history, which includes the April 3, 2017, filing of a criminal information charging Appellant with Criminal Conspiracy,[1] PWID, [2] Criminal Use of a Communication Facility,[3] Dealing in Proceeds of Unlawful Activities,[4] Corrupt Organizations,[5] Conspiracy to Commit Corrupt Organizations[6] and Use/Possession of Drug Paraphernalia[7] stemming from a Statewide Investigating Grand Jury Presentment returned against him. After this Court's denial of Appellant's interlocutory appeal from a trial court order denying his pretrial motion to dismiss on compulsory joinder and double jeopardy grounds, Appellant tendered a March 4, 2019, counseled guilty plea to Criminal Conspiracy, PWID, Dealing in Proceeds of Unlawful Activities, and Corrupt Organizations, and the trial court sentenced him to an aggregate sentence of three to six years' incarceration to run consecutively to unrelated sentences he was already serving. Appellant filed neither a post-sentence motion nor a direct appeal.

More than two-and-one-half years after Appellant's judgment of sentence became final, Appellant filed the present PCRA petition on October 10, 2021. On October 26, 2021, the PCRA court appointed Counsel and

---

[1] 18 Pa.C.S.A. § 903(a).
[2] 35 P.S. § 780-113(a)(30).
[3] 18 Pa.C.S.A. § 7512(a).
[4] 18 Pa.C.S.A. § 5111.
[5] 18 Pa.C.S.A. § 911.
[6] 18 Pa.C.S.A. § 903(a).
[7] 35 P.S. § 780-113(a)(32).

provided him 60 days in which to file an amended petition. Subsequently, considering the patent untimeliness of Appellant's PCRA petition, the PCRA court conducted a January 25, 2022, status conference with the parties. At the conclusion of the conference, the court entered an order confirming Counsel was to discuss the issue of untimeliness with Appellant and inform the PCRA court within 30 days thereafter if Appellant wished to pursue or withdraw the petition. The order provided further that if Appellant indicated his election to pursue collateral relief through a petition, then the Commonwealth would have 30 days in which to file a Motion to Dismiss the PCRA petition as untimely.

On April 4, 2022, having received no correspondence from Counsel, the PCRA court entered an Order providing the Commonwealth, represented by Deputy Attorney General Gregory J. Simatic, with 20 days to file its Motion to Dismiss the PCRA petition for untimeliness. On April 6, 2022, the Commonwealth filed the motion, and Counsel filed a July 8, 2022, response stating that Appellant can offer no non-frivolous explanation for the patently untimely petition and that counsel could discern no statutory exception applicable to qualify the untimely petition for an exception to the one-year statutory time-bar at Section 9545(b)(1), *infra*.

The PCRA court entered its order of July 14, 2022, scheduling an August 18, 2022, hearing on both the Commonwealth's motion to dismiss and Appellant's *pro se* motion to remove PCRA counsel due to an alleged conflict

of interest and ineffective assistance.[8]  At the hearing, the PCRA court entertained oral argument and took the Commonwealth's motion and Appellant's *pro se* motion under advisement.  On September 6, 2022, the PCRA court entered its Opinion and Order of September 6, 2022, dismissing Appellant's petition as untimely.[9]  This timely appeal followed.

On May 4, 2023, Counsel filed with this Court a motion to withdraw as counsel along with a no-merit letter.  His ***Turner/Finley*** brief[10] explains that he identifies no issue to be raised on appeal both because he could not discern one independently and because Appellant failed to provide one despite receiving Counsel's letter advising that his filing of any requested appeal would include a motion to withdraw as counsel.

Preliminarily, before counsel can withdraw representation under the PCRA, the law requires counsel to satisfy the mandates of ***Turner***/***Finley***.  ***Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003).

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [***Turner and Finley***, and] must review the case

---

[8] Appellant's *pro se* motion alleged that Counsel's conflict of interest stemmed from Counsel's prior representation of an individual named in the same conspiracy investigation in which Appellant was named.  Nowhere in this allegation, however, did Appellant explain how the prior representation hindered Counsel's ability to represent Appellant with respect to either the dispositive jurisdictional question regarding Appellant's belated petition or any substantive question Appellant seeks to raise.

[9] In the alternative, the PCRA court concluded Appellant's *pro se* motion was meritless.

[10] Counsel did not include a "Questions Presented" section in his letter brief.

zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted). If this Court determines counsel has satisfied these technical requirements, we "must then conduct [our] own review of the merits of the case. If [we] agree[ ] with counsel that the claims are without merit, [we] will permit counsel to withdraw and deny relief." ***Id.*** (citation omitted). "Substantial compliance with these requirements will satisfy the criteria." ***Karanicolas****,* 836 A.2d at 947.

Counsel has displayed apparent difficulty complying with these requirements, as multiple delays have attended his responses to this Court's relevant orders. Counsel filed an initial Application to Withdraw as Counsel on December 5, 2022. However, Counsel failed to contemporaneously file the ***Turner/Finley*** brief. Accordingly, on December 12, 2022, this Court entered an order directing Counsel to file the brief in this Court. Counsel failed to comply, and another order was entered directing Counsel to file a brief on February 17, 2023. Counsel was informed that failure to comply would result in the Application being denied.

On March 24, 2023, this Court entered an order denying the Application to Withdraw because a brief was not filed. Counsel was directed to either file a new Application to Withdraw and no-merit brief or to file an advocate's brief. Counsel then filed a **Turner/Finley** brief in this Court on March 31, 2023, but failed to file a new Application to Withdraw. Therefore, an order was entered on April 4, 2023, directing Counsel to file an Application to Withdraw. On May 4, 2023, Counsel filed the instant "Amended Application to Withdraw as Counsel," and Counsel attached the original notification-of-rights letter.

Finally, Counsel failed to append a copy of the Pa.R.A.P. 1925(b) statement to his brief as required by Pa.R.A.P. 2111(d) (there shall be appended to the brief of the appellant a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b) or an averment that no order to file a statement pursuant to Pa.R.A.P. 1925(b) was entered by the trial court). This omission, however, has not hampered our review. On May 1, 2023, Appellant filed a *pro se* response to Counsel's Application to Withdraw.

Despite this concerning history, both Counsel's brief and petition to withdraw demonstrate he has made a conscientious examination of the record in this case and determined the appeal is wholly frivolous. Counsel notified Appellant of counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of consideration, and furnished Appellant with a copy of the petition and the brief prepared for this appeal. Thus, counsel has substantially complied with the

technical requirements of **Turner**/**Finley**. **Karanicolas,** 836 A.2d at 947. Accordingly, we proceed with our independent assessment. **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

In the **Turner/Finley** Brief, Counsel asks whether Appellant has stated a colorable claim for relief under the PCRA given the patent untimely filing of the present PCRA petition without any factual basis to support the application of a statutory exception. **Turner/Finley** Brief, at 5, 6. As the timeliness of a PCRA petition is separate from the merits of the petitioner's underlying claim, we must first determine whether the petition is timely filed. **Commonwealth v. Brensinger**, 218 A.3d 440, 447-48 (Pa. Super. 2019) (*en banc*) (citing **Commonwealth v. Stokes**, 598 Pa. 574, 959 A.2d 306 (2008)). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009).

A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition

will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within one year of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). A PCRA petitioner bears the burden of pleading and proving the applicability of an exception to the PCRA time bar. **Commonwealth v. Spotz**, 642 Pa. 717, 723, 171 A.3d 675, 678 (2017).

Instantly, Appellant's judgment of sentence became final on April 3, 2019, after the time in which to file a direct appeal with this Court expired. **See** Pa.R.A.P. 903(c)(3). Appellant filed the current PCRA petition on October 10, 2021, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

In Appellant's *pro se* "Response to Counsel's Brief", he alleges that Counsel "failed to represent [his] interest [with respect to] 'Newly Discovered Evidence' and 'Government Interference.'" Appellant's *Pro Se* Response, at 8.

To establish the time-bar exception for government interference, a petitioner must plead and prove "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S. § 9545(b)(1)(i). Notably, a petition invoking this exception must now be filed within one year of the date the claim could have been filed, but the previous version of the statute granted petitioners only 60 days to bring the claim. 42 Pa.C.S. § 9545(b)(2); *see also Commonwealth v. Rizvi*, 166 A.3d 344 (Pa. Super. 2017) (holding that petitioner did not satisfy timeliness requirement of Section 9545(b)(2) in a government interference claim when he failed to explain why he waited approximately four years to seek relief).

Appellant's government interference claim consists of two bare assertions. The first posits that the Pennsylvania Office of Attorney General provided false evidence to the grand jury regarding his case, and the second that the Commonwealth failed to honor his guilty plea deal while the trial court accepted the plea understanding the agreement was not honored. Appellant's Response, at 9. Regarding these contentions, however, Appellant provides no discussion regarding either how the government interfered with the presentation of such claims or when they first could have been filed. For these reasons, they fail. *See Rizvi*.

Appellant's newly-discovered facts claim suffers from a similar defect. To establish timeliness pursuant to the newly-discovered facts exception, "the

petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016). The record confirms that Appellant fails to substantiate not only why his newly-discovered facts could not have been ascertained by the exercise of due diligence but also precisely what the newly-discovered facts are. Specifically, Appellant's petition argued non-specifically that "[n]ewly discovered evidence" and "additional investigation on behalf of counsel would meet the standard to satisfy the time bar." PCRA Petition, 10/15/21, at ¶¶ 15-16. Moreover, his testimony of August 18, 2022, failed to clarify what new facts he was alleging in this regard. N.T., 8/18/22 at 4-6. The record thus prompted the PCRA court to conclude appropriately that "Petitioner has failed to support his claims with any evidence and has failed to plead and prove any of the three statutory exceptions to the time bar under 42 Pa. C.S. § 9545(b)(1)(i-iii)[.]" PCRA Court Opinion, 9/6/22, at 8.

Therefore, Appellant has failed to meet his burden of proving the applicability of a time bar exception. **See Spotz, supra**. Based on our independent review of the record, we agree with Counsel that the appeal is frivolous. **See Turner, supra**. Accordingly, we affirm the PCRA court's order denying relief and grant Counsel's petition to withdraw.

Order affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/01/2023</u>